# 95 DTA 203

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE MAYAGUEZ Y AGUADILLA

FRANCISCO RODRIGUEZ SERVERA, ET ALS.
Demandantes-Peticionarios

v.

HOSPITAL DE LA CONCEPCION, ET ALS.
Demandados-Recurridos

v.

DR. ARMANDO QUIÑONES GAMBOA, ET ALS
Terceros Demandados

Núm. KLCE-95-00120

San Juan, Puerto Rico, a 29 de junio de 1995

Panel integrado por su presidente, Juez Brau Ramírez
y los Jueces Colón Birriel y Rodríguez Maldonado

Rodríguez Maldonado, Juez Ponente

### TEXTO COMPLETO DE LA RESOLUCION

Los demandantes-peticionarios presentaron demanda reclamando daños y perjuicios por la muerte de la esposa y madre de éstos, respectivamente, como consecuencia de actos de impericia profesional médica de los demandados. Estos presentaron varias demandas contra terceros. Tanto los demandados como los terceros demandados presentaron mociones de desestimación invocando la defensa de que la acción está prescrita.

Mediante Resolución de 7 de febrero de 1995 el Tribunal de Primera Instancia ordenó a todas las partes someter sus escritos, alegaciones y prueba documental respecto a la prescripción de la causa de acción o su interrupción conforme a derecho, concediéndole para ello hasta el 13 de febrero de 1995. Señaló, además, una vista sobre prescripción, de ser necesaria, para los días 21 y 22 de febrero de 1995.

Conforme a la minuta, Apéndice II, página 2, la vista de prescripción se celebró el 21 de

febrero de 1995, a la cual comparecieron las partes representadas por sus respectivos abogados. En ella, el Tribunal de Primera Instancia hizo constar haber examinado los planteamientos y alegaciones sobre prescripción presentados por las partes, y procedió a discutir los mismos con los abogados. Escuchados los planteamientos el Tribunal de Primera Instancia escuchó el testimonio del Sr. Carlos Roberto González Martínez, testigo de los demandantes peticionarios.

Conforme exponen éstos en su solicitud de *Certiorari*, en las páginas 7 y 8:

*"Cuando el testigo declaró, a preguntas del abogado de la aquí peticionaria, sobre el contenido de la contestación que al requerimiento había ofrecido el Gerente Rivera González, las partes demandantes y terceras demandadas, amparadas en el fundamento de la prueba de referencia, objetaron a que se admitiera en evidencia lo expresado por Rivera González como Gerente de Reclamaciones de la co-demandada Corporación Insular de Seguros de P.R. al testigo González Martínez, también agente, funcionario o representante de la parte co demandada.*

*El Honorable Tribunal, a pesar de la solicitud de la parte demandante para que se admitiera esa porción de su testimonio, sostuvo las objeciones planteadas y no admitió dicha prueba en evidencia, predicado en que la misma constituía prueba de referencia. Esa determinación la tomó el juez, Honorable Vera Vera, en Corte Abierta, por lo que no hubo notificación por escrito.*

*El 23 de febrero de 1995, al no quedar el incidente sometido para resolución y en espera el Honorable Juez de un estudio sobre la necesidad o no del testimonio del abogado de la parte demandante, presentó una moción de Reconsideración a los efectos de que el Honorable Tribunal de Instancia RECONSIDERARA la Resolución verbal dictada el 21 de febrero de 1995,*

*Por las determinaciones judiciales tomadas en la vista celebrada el 21 de febrero y el 28 de febrero de 1995, que culminan en mantener inalterada la determinación judicial de no admitirse en evidencia una parte del testimonio de Carlos R. González Martínez que es admisible, la parte demandante aquí peticionaria acude ante este Honorable Cuerpo Apelativo para que las mismas se revisen."*

Los demandantes-peticionarios señalan como PRIMER Y UNICO ERROR:

*"PRIMER Y UNICO ERROR SEÑALADO:*

*ERRO, COMO CUESTION DE HECHO Y DE DERECHO, EL HONORABLE TRIBUNAL DE INSTANCIA, AL NO ADMITIR EN EVIDENCIA CONTENIDO DE MANIFESTACIONES VERTIDAS POR AGENTE FUNCIONARIO O REPRESENTANTE DE PARTE DEMANDADA A TESTIGO TAMBIEN AGENTE, FUNCIONARIO O REPRESENTANTE DE LA MISMA PARTE DEMANDADA EN TORNO A INTERRUPCIONES EXTRAJUDICIALES, Y ERRO, COMO CUESTION DE HECHO Y DE DERECHO, AL DECLARAR SIN LUGAR LA SOLICITUD DE RECONSIDERACION."*

Hemos tomado en consideración varios de los criterios señalados en la Regla 11 de Nuestro Reglamento para negarnos a expedir el auto discrecional aquí solicitado.

Consideramos que la etapa del procedimiento en que se presenta el recurso no es la más propicia para su consideración █ y que la expedición del auto causa un fraccionamiento indebido del pleito y dilación indeseable en la solución final del litigio █ No se recurre aquí

de la Resolución final del Tribunal de Primera Instancia resolviendo en sus méritos si la acción de los peticionarios está prescrita o si los demandantes-peticionarios interrumpieron extrajudicialmente el término prescriptivo de su acción.

Se recurre aquí de un incidente procesal ocurrido durante la celebración de una vista evidenciaria en la cual, durante el transcurso del testimonio de un testigo se presenta una objeción a una pregunta y el Tribunal la declara ha lugar. Se recurre aquí de un *"Ruling"* (fallo o dictamen interlocutorio) que no resuelve la controversia planteada para la cual se celebra la vista. Creemos que lo propio es esperar a que el Tribunal de Primera Instancia dicte la resolución adjudicando la controversia y entonces recurrir, en caso de ser necesario. Somos de opinión que expedir, en esta etapa, el auto solicitado, para revisar un *"Ruling"* interlocutorio dictaminando sobre la admisibilidad en evidencia de parte del testimonio de un testigo basado en una pregunta hecha al testigo durante el transcurso de su interrogatorio directo durante una vista evidenciaria, causaría un fraccionamiento indebido del pleito y nos colocaría en la insostenible posición de ir indicándole al juez de instancia, paso por paso, dictamen por dictamen, cómo llevar a cabo el proceso y cómo desempeñar su tarea judicial. Esto, además de improcedente, causaría el fraccionamiento indebido del pleito y la dilación indeseable en la solución final del litigio que está vedada por la Regla 11(6) de Nuestro Reglamento. La solicitud de revisión del dictamen del juez de instancia, en corte abierta, el 21 de febrero de 1995 es, pues, improcedente.

La solicitud de revisión de la Resolución dictada por el Tribunal de Primera Instancia el 28 de febrero de 1995 declarando no ha lugar, de plano, la moción de reconsideración presentada por los peticionarios el 23 de febrero de 1995, adolece de los mismos defectos.

Por los fundamentos expuestos se deniega la expedición del auto solicitado y del escrito solicitando paralización.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

## ESCOLIOS 95 DTA 203

**1.** El peticionario no incluye en el Apéndice copia de las alegaciones de las partes ni de las mociones de desestimación conforme exige la Regla 19(B) de Nuestro Reglamento.

**2.** Regla 11(5) del Reglamento del Tribunal de Circuito de Apelaciones.

**3.** Regla 11(6) del Reglamento del Tribunal de Circuito de Apelaciones.